# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BOBBY G. SLATE; SLATE MARKETING INC.; SLATE RETAIL SYSTEMS, INC.; LA CASA HOMES OF NC, INC.; LA CASA REAL ESTATE DEVELOPMENT, LLC; LA CASA REAL ESTATE & INVESTMENT OF SC, LLC; LA CASA REAL ESTATE AND INVESTMENT, LLC; THE COMMONS AT ARCHDALE, INC.; PALMETTO SHORES OF COLUMBIA, INC.; LA CASA HOMES, INC.; and BLYTHEWOOD RESIDENTIAL DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RHONDA L. BYRD; JOSEPH BYRD; CHARLES D. WASHINGTON; QUINCY WASHINGTON; JOHN S. WASHINGTON; B23 HOLDINGS, LLC; ASCOTT KELLY GROUP OF NC, INC.; ASCOTT KELLY HOSPITALITY GROUP, INC.; AK HOLDINGS I, LLC; AK HOLDINGS II, LLC; AK HOLDINGS SC I, LLC; WINDSOR HOLDINGS I, LLC; ELLISON & HOWELL PROPERTIES, INC.; QUINTONELI DEVELOPMENT, INC.; BYRD SERVICES, INC.; and SOUTHERN COMMUNITY BANK AND TRUST, <br><br> Defendants. | **MEMORANDUM OPINION, ORDER, RECOMMENDATION** <br><br> 1:09CV852 |

This matter is before the court on Plaintiffs' motion for this court to remand the case to state court (docket no. 22). Furthermore, Plaintiffs have filed a motion for oral argument on the motion to remand (docket no. 27). Defendants have

responded to Plaintiffs' motions, and the matter is ripe for disposition. The parties have not consented to the authority of a magistrate judge. Therefore, I must deal with the motion to remand by way of recommendation. For the following reasons, it will be recommended that the court deny the motion to remand.

**Background**

On October 17, 2008, Plaintiff Bobby G. Slate and various Plaintiff entities filed a complaint against Slate's former employees Rhonda Byrd and Charles Washington in Forsyth County Superior Court, alleging that Defendants Byrd and Washington engaged in a scheme to defraud Plaintiffs through "embezzlement, check fraud, wire fraud, bank fraud, fraudulent misrepresentations, false pretenses and other nefarious and illegal means of converting plaintiffs' property for the personal use of individual defendants." (Pls.' Br. 2; *see generally* Second Am. Compl., docket no. 12.) Plaintiffs allege that as the scheme continued, Defendants Byrd and Washington enlisted additional Defendants to join in the scheme to defraud Plaintiffs.

On October 30, 2008, Plaintiffs amended their complaint to include Defendant Southern Community Bank and Trust. On October 8, 2009, Plaintiffs filed a second amended complaint, which "added several corporate entities formed by [D]efendants as part of their fraudulent scheme to embezzle and hide the proceeds of their embezzlement from [P]laintiffs." (Pl.'s Br. at 5; *see* Second Am. Compl. ¶¶ 49-56.) This second amended complaint also added multiple state court claims as well as a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.

§§ 1961-68 ("the RICO Act"). (*See* Second Am. Compl. ¶¶ 26-42.) On November 5, 2009, Defendants removed the action to this court by alleging that this court has jurisdiction over Plaintiffs' civil action under 28 U.S.C. § 1331. On December 7, 2009, Plaintiffs timely filed a motion to remand the case to state court.

**Discussion**

The defendant in a state court action may remove the action to federal court so long as the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The federal court has original jurisdiction where there is diversity of citizenship between the parties[1] or where a federal question is presented, meaning that the action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The party seeking removal has the burden of establishing federal jurisdiction. *Mulcahey,* 29 F.3d at 151.

The first step in determining if an action presents a federal question under Section 1331 is to decide if the action is created by federal or state law. *Id.* at 151. In determining whether an action is created by federal law, the court uses the well-pleaded complaint rule, which provides that a federal question exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). "For a federal question to

---

[1] In a diversity action, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The parties appear to agree that diversity of citizenship does not exist in this case.

be present on the face of a well-pleaded complaint, either federal law must create the cause of action, or plaintiff's right to relief must necessarily depend on the resolution of a substantial question of federal law." *Venezuela v. Massimo Zanetti Beverage USA, Inc.*, 525 F. Supp. 2d 781, 784-85 (E.D. Va. 2007) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Plaintiffs' second amended complaint consists of seventeen claims. Of those seventeen claims, sixteen present issues of state law. The remaining claim is based on the RICO Act. Specifically, Plaintiffs allege that Defendants engaged in mail fraud, wire fraud, and bank fraud in violation of the Act. More specifically, Plaintiffs allege violations of 18 U.S.C. §§ 1341, 1343, 1344, 1962(a), and 1962(c), and Plaintiffs seek relief pursuant to 18 U.S.C. § 1964(c) for treble damages.

In the motion to remand, Plaintiffs argue that state law issues clearly predominate and that the RICO Act claim is "so peripheral to plaintiffs' action that it does not present a substantial federal question." (Pls. Br. 9.) Plaintiffs further argue that "the RICO claim will only be applicable once the state law claims have been resolved, as proving the predicate acts giving rise to the RICO claim will require that plaintiffs successfully prove embezzlement under state law." (*Id.* at 11.)

I conclude that remand is not appropriate in this case. As Defendants note, although Plaintiffs bring only one "claim" under the RICO Act, Plaintiffs allege that Defendants committed violations of numerous sections of the Act. Furthermore, Plaintiffs clearly seek recovery of damages allowed under the RICO Act, including

4

treble damages.  Based on Plaintiffs' own allegations, therefore, this action arises under federal law, and Defendants clearly had the right to remove the case to this court pursuant to 28 U.S.C. § 1441(b).[2]  *See generally Hunter by Conyer v. Estate of Baecher*, 905 F. Supp. 341, 345 (E.D. Va. 1995) ("[A] plaintiff is the master of his or her own claim. . . .  By bringing federal claims, Plaintiffs could expect that [this] proceeding would take place in federal court.  Defendants, by removing the case, showed their preference for federal court.").  Furthermore, where a case is properly removed pursuant to Section 1441(b), it appears that the court has no authority to remand the case even if state law issues predominate.  *See In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996) ("Section 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim."); *see also Neal v. Flav-O-Rich, Inc.*, No. 2:95cv00679, 1996 WL 652759, at *4 (M.D.N.C. July 30, 1996) (denying a motion to remand in a case involving a Title VII claim and seven state law claims, and stating that "Section 1367(c) provides no authority to remand properly removed claims"); *see also Majeske v. Bay City Bd. of Educ.*, 177 F. Supp. 2d 666, 673 (E.D. Mich. 2001) (stating that "there is no discretionary authority to remand a case and decline federal jurisdiction over a federal-question-based claim merely because state

---

[2] I agree with Defendants that Plaintiffs' arguments as to removal and remand pursuant to Section 1441(c) are without merit because Plaintiffs' RICO Act claim is not separate and independent from the state law claims; thus, Section 1441(c) is not applicable. Furthermore, the fact that state courts have concurrent jurisdiction over federal civil RICO claims, *see Tafflin v. Levitt*, 493 U.S. 455 (1990), does not alter a defendant's right to remove cases involving RICO claims.

law claims otherwise predominate"). For all these reasons, I will recommend that the court deny the motion to remand. *Accord Clark v. Milam*, 813 F. Supp. 431, 435 (S.D. W. Va. 1993) (denying a motion to remand where the complaint alleged both state law claims and federal RICO claims); *Gallagher v. Donald*, 803 F. Supp. 899, 904 (S.D.N.Y. 1992) (same).

## Conclusion

Based on the foregoing reasons, it is **RECOMMENDED** that the court **DENY** Plaintiffs' motion to remand the case to state court (docket no. 22). Furthermore, the motion for oral argument by Plaintiffs is **DENIED** (docket no. 27).

_____
WALLACE W. DIXON
United States Magistrate Judge

November 2, 2010