IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BOBBY G. SLATE; SLATE MARKETING )
INC.; SLATE RETAIL SYSTEMS, INC.; )
LA CASA HOMES OF NC, INC.; LA CASA )
REAL ESTATE DEVELOPMENT, LLC; )
LA CASA REAL ESTATE & INVESTMENT )
OF SC, LLC; LA CASA REAL ESTATE )
AND INVESTMENT, LLC; THE COMMONS )
AT ARCHDALE, INC.; PALMETTO SHORES )
OF COLUMBIA, INC.; LA CASA HOMES, )
INC.; and BLYTHEWOOD RESIDENTIAL )
DEVELOPMENT, INC., )
                                                   )
            Plaintiffs, )
                                                   )
          v. )     1:09CV852
                                                   )
RHONDA L. BYRD; JOSEPH BYRD; )
CHARLES D. WASHINGTON; QUINCY )
WASHINGTON; JOHN S. WASHINGTON; )
B23 HOLDINGS, LLC; ASCOTT KELLY )
GROUP OF NC, INC.; ASCOTT KELLY )
HOSPITALITY GROUP, INC.; AK )
HOLDINGS I, LLC; AK HOLDINGS II, )
LLC; AK HOLDINGS SC I, LLC; )
WINDSOR HOLDINGS I, LLC; ELLISON )
& HOWELL PROPERTIES, INC.; )
QUINTONELI DEVELOPMENT, INC.; )
BYRD SERVICES, INC.; and SOUTHERN )
COMMUNITY BANK AND TRUST, )
                                                 )
            Defendants. )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

      This case comes before the undersigned United States Magistrate Judge on Plaintiff's Motion to Dismiss and Motion for Expedited Oral Argument. (Docket Entry 40.) For the reasons that follow, the Court should deny the instant motion.

**Background**

Plaintiff Bobby Slate and various Plaintiff entities commenced this action in Forsyth County Superior Court, filing a Complaint against Defendants Rhonda L. Byrd, Joseph Byrd, Charles D. Washington, Quincy Washington, John S. Washington and B23 Holdings, LLC alleging various claims under state law arising from Defendant Rhonda Byrd's "scheme to embezzle funds and property from plaintiffs and convert them to her own use, benefit and enjoyment, or to that of other family members, especially her husband defendant Joseph Byrd." (See Docket Entry 1-2 at 3.) Plaintiffs subsequently amended their Complaint to include Defendant Southern Community Bank and Trust. (See Docket Entry 3.) In response to Plaintiffs' Amended Complaint, Defendants each filed answers (see Docket Entries 4-10), in which Defendants Rhonda L. Byrd and Charles D. Washington included counterclaims for intentional infliction of emotional distress (see Docket Entry 6 at 4-5; Docket Entry 8 at 4-5).

Plaintiffs thereafter filed a Second Amended Complaint in Forsyth County Superior Court. (See Docket Entry 12.) In said Complaint, Plaintiffs, in addition to adding further defendants and claims, alleged violations of 18 U.S.C. §§ 1341, 1343, 1344, 1962(a) and 1962(c) and sought relief under Section 1964(c) of the Racketeer Influenced and Corrupt Organizations Act. (See id., ¶¶ 70-76.) Defendants petitioned for removal to this Court under 28 U.S.C. § 1331 on the basis that the action arises under the laws of the United States. (See Docket Entry 1 at 3.) Plaintiffs timely

-2-

filed Plaintiffs' Motion for Remand (Docket Entry 22), which was denied by way of United States District Court Judge Thomas D. Schroeder's adoption of the Memorandum Opinion, Order, and Recommendation of United States Magistrate Judge Wallace W. Dixon (see Docket Entries 38, 49).

Plaintiffs now "move the court for an order voluntarily dismissing this action without prejudice and for expedited oral argument," subject to certain conditions. (See Docket Entry 40.) Said conditions include:

> (1) "That this matter, when re-filed in state court, will return to the same procedural and discovery posture occupied on November 3, 2009, the day before the action was removed to federal court" (id. at 2);
>
> (2) "That all discovery, including documentary discovery and depositions, produced as a part of this action may be used in the re-filed action" (id.); and
>
> (3) "That the receiver currently overseeing the personal and business activities of various individual and corporate defendants, pursuant to an order of the Superior Court of Forsyth County, North Carolina, remain in place pending resolution of the re-filed action in North Carolina state courts" (id.).

Defendants objected to Plaintiffs' motion by way of Defendants Rhonda and Joseph Byrd and Charles and John Washington's Response in Opposition to Plaintiffs' Motion to Dismiss (Docket Entry 44) and Southern Community Bank and Trust's Response to Plaintiffs'

Motion to Dismiss and Motion for Expedited Oral Argument (Docket Entry 47). Plaintiffs did not file a reply. (See Docket Entries dated Dec. 8, 2010, to present.)

**Discussion**

Defendants contend that, under Fed. R. Civ. P. 41(a)(2), Plaintiffs' instant Motion fails in light of their objection. (See Docket Entry 44 at 1; Docket Entry 47 at 2.) This argument has merit.

Fed. R. Civ. P. 41(a)(2) provides in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

As the cross-referenced provisions of Fed. R. Civ. P. 41(a)(1) afford no basis for dismissal on the instant facts, the success of Plaintiffs' instant Motion depends on whether Defendants' counterclaims "can remain pending for independent adjudication," Fed. R. Civ. P. 41(a)(2), if the Court grants the requested dismissal. This question, in turn, requires a determination regarding whether Defendants' counterclaims have an independent jurisdictional basis.

Accordingly, the Court must first decide whether Defendants' counterclaims are compulsory or permissive. Professors Wright and Miller have explained the effect of this determination on an analysis under Fed. R. Civ. P. 41(a)(2) as follows:

> Ordinarily the defendant's counterclaim can stand on its own and dismissal can be granted on the plaintiff's claims without affecting adjudication of the counterclaim. If the counterclaim is compulsory, it is settled that the district court has ancillary jurisdiction, which is now called supplemental jurisdiction under Section 1367 of Title 28 of the United States Code, to decide it even though the plaintiff's claim is dismissed. If the counterclaim is permissive, it ordinarily will require independent grounds of subject matter jurisdiction in order to remain pending. The rule prohibits dismissal when the counterclaim lacks independent grounds of jurisdiction, such as when it is a set-off, or in other unusual circumstances in which the counterclaim would fail if the plaintiff's claim were dismissed.

9 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 2365 (3d ed.) (footnotes omitted). A compulsory counterclaim is described under Fed. R. Civ. P. 13(a)(1) as a claim that "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." In contrast, a permissive counterclaim is a counterclaim "that is not compulsory." Fed. R. Civ. P. 13(b).

While Defendants' counterclaims involve similar parties, they do not "arise[] out of the transaction or occurrence that is the subject matter of [Plaintiffs'] claim" as required by Fed. R. Civ. P. 13(a)(1) to qualify as compulsory. Plaintiffs' claims relate to events surrounding Rhonda Byrd's "scheme to embezzle funds and property from plaintiffs and convert them to her own use, benefit and enjoyment, or to that of other family members, especially her husband defendant Joseph Byrd." (<u>See</u> Docket Entry 1-2 at 3; Docket Entry 12, ¶ 8.) Defendants' counterclaims are related to

-5-

Plaintiffs' claims only in that they involve Defendants' employment with Plaintiffs.

Rhonda Byrd's claim for intentional infliction of emotional distress alleges that, "[d]uring the course of [her] employment with Plaintiffs, Bobby G. Slate repeatedly threatened her with physical violence, humiliation, degradation and ridicule" (Docket Entry 6 at 4), that said "statements and actions were made with the express intention of causing [her] humiliation, distress, anxiety and fear" (id. at 5), and that she "experienced severe emotional distress as a result of Plaintiff Bobby Slate's actions for which she sought medical attention" (id.). Similarly, Charles Washington alleges that, "[d]uring the course of [his] employment with Plaintiffs, Bobby G. Slate repeatedly threatened [him] with physical violence" (Docket Entry 8 at 4), that, "[o]n other occasions, [Bobby Slate] would intentionally humiliate [him] in front of other employees by kissing, grabbing, pinching and touching [him] in inappropriate manners" (id.), that these actions were "made with the express intention of causing [him] great humiliation, distress, anxiety and fear" (id. at 5), and that he "experience[d] severe emotional distress as a result of Plaintiff Bobby Slate's actions for which he has sought medical attention" (id.). Given the distinct factual circumstances surrounding Defendants' counterclaims as compared to Plaintiffs' claims, Defendants' counterclaims qualify as permissive, rather than compulsory, under Fed. R. Civ. P. 13.

As Defendants' permissive counterclaims would require an independent basis of subject matter jurisdiction in order to permit adjudication by the Court absent Plaintiffs' claims, the Court must determine whether said counterclaims meet the requirements of federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332. They do not. Claims for intentional infliction of emotional distress, as state law claims, do not arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. Furthermore, on the instant facts, complete diversity of citizenship does not exist as required under 28 U.S.C. § 1332. (See Docket Entry 12.) Plaintiff Bobby Slate is a resident of Lewisville, Forsyth County, NC, (see Docket Entry 12, ¶ 1), while "Defendants Rhonda L. Byrd and Joseph Byrd are residents of Davidson County and defendants Charles D. Washington, Quincy Washington and John S. Washington are residents of Forsyth County, NC" (see id., ¶ 4).

## Conclusion

No independent jurisdictional basis exists to allow the Court to adjudicate Defendants' counterclaims separately from Plaintiffs' claims. As Defendants have objected to Plaintiffs' dismissal request (see Docket Entries 44, 47), the Court should deny Plaintiffs' Motion to Dismiss and Motion for Expedited Oral Argument (Docket Entry 40), pursuant to Fed. R. Civ. P. 41(a)(2).

**IT IS THEREFORE RECOMMENDED** that Plaintiffs' Motion to Dismiss and Motion for Expedited Oral Argument (Docket Entry 40) be **DENIED**.

<pre>
                              /s/ L. Patrick Auld
                              **L. Patrick Auld**
                         **United States Magistrate Judge**
</pre>

November 9, 2011