IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BOBBY G. SLATE, et al.,      )
                             )
         Plaintiffs,         )
                             )
    v.                       )     1:09cv852
                             )
RHONDA L. BYRD, et al.,      )
                             )
         Defendants.         )

## ORDER

On March 15, 2013, the United States Magistrate Judge's Recommendation ("Recommendation") was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. (Docs. 143, 144.) Defendant Quincy Washington timely filed objections (Doc. 151), to which Plaintiffs filed a response (Doc. 157). Defendant Southern Community Bank and Trust ("SCB") also timely filed objections (Doc. 152), to which Plaintiffs filed a response (Doc. 159). And Plaintiffs timely filed objections (Doc. 153), to which Defendants Quincy Washington (Doc. 156) and SCB (Doc. 158) filed responses.

Pursuant to section 636, the court is obliged to conduct a *de novo* determination as to "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(2)-(3). An objecting party is required to identify specifically those findings objected to and to support such objection with the basis for it. Suntrust Mortg., Inc. v. Busby, 651 F. Supp. 2d 472, 476 (W.D.N.C.

2009). "A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id. (quoting Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); see United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) (noting that "[w]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a de novo determination does not arise").

Similarly, general or conclusory objections that do not point to specific error do not require this court's *de novo* review and will result in the waiver of appellate review. E.g., Smith v. Wash. Mut. Bank FA, 308 F. App'x 707, 708 (4th Cir. 2009) (per curiam) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). In the absence of a valid and timely objection, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). "A finding is clearly erroneous when, although there is evidence to support it, on the entire evidence

2

the reviewing court is left with the definite and firm conviction that a mistake has been committed." Faulconer v. C.I.R., 748 F.2d 890, 895 (4th Cir. 1984)(citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). If new evidence is raised in the objections, the court has the authority to receive it, reject it, or recommit the matter to the Magistrate Judge. See 28 U.S.C. § 636(b)(1).

The court has applied these standards to the myriad objections filed by the parties. To the extent new evidence has been offered which was not put before the Magistrate Judge, the court in its discretion declines to consider it at this stage. Doe v. Chao, 306 F.3d 170, 183 & n.9 (4th Cir. 2002).

After careful consideration, the court finds that its conclusions are largely in accord with the thorough Recommendation of the Magistrate Judge. Except as otherwise noted below, the objections are therefore overruled and the Recommendation is ADOPTED, except as modified by the rulings that follow.

IT IS ORDERED that Plaintiffs' Motion to Strike and for Sanctions (Doc. 94) is granted in part and denied in part. Whether treating the motion as one to strike or as objections under Federal Rule of Civil Procedure 56(c)(2), the court declines to consider the affidavits of Defendants Rhonda Byrd (Doc. 77) and Charles Washington (Doc. 88) in deciding the relevant summary judgment motions. The

3

request to strike or disregard SCB's Motion for Summary Judgment (Doc. 72) is denied.

IT IS FURTHER ORDERED that Defendant John Washington's Motion for Summary Judgment (Doc. 70) is granted in part and denied in part. Judgment shall be entered as a matter of law against Plaintiffs on their fraud and RICO claims against John Washington. The court refrains from taking action on any other bases of liability not specifically addressed by John Washington in his briefing.

IT IS FURTHER ORDERED that Defendant Quincy Washington's Motion for Summary Judgment (Doc. 74) is granted in part and denied in part. Judgment shall be entered as a matter of law against Plaintiffs on their breach of fiduciary duty and fraud claims against Quincy Washington, on their RICO claims against all Defendants, and on all claims by all Plaintiffs other than La Casa Real Estate and Investment, LLC ("La Casa") and Bobby G. Slate against Quincy Washington. Quincy Washington's Motion for Summary Judgment as to the negligence claims of Plaintiff Bobby G. Slate is granted[1] and as

---

[1] Quincy Washington argues that summary judgment should be entered in his favor as to all of Plaintiff Bobby G. Slate's claims against him. (Doc. 151 at 2.) As to the negligence claim, the court agrees and, as noted, grants summary judgment on that claim. The Magistrate Judge found that "the record contains no evidence that SCB acted negligently on accounts owned by Slate or any other Plaintiff entities." (Doc. 143 at 47.) For this same reason, there is no evidence that SCB's employee, Quincy Washington, owed any duty to Bobby G. Slate. However, Quincy Washington has not addressed in his objections Plaintiffs' argument that he may be liable to Bobby G. Slate on other asserted bases. Therefore, the court will not address this argument at this stage, leaving Quincy Washington

4

to Plaintiff La Casa is denied, provided that such damages shall be subject to the limitations of N.C. Gen. Stat. § 25-4-406(f) and shall be limited to those damages for which La Casa gave timely notice as to statements SCB made available to La Casa but in no case may include any damages incurred prior to May 2007. Quincy Washington's Motion for Summary Judgment as to claims by Plaintiffs La Casa and Bobby G. Slate for conversion (on a civil conspiracy theory) and fraudulent concealment is denied, and the provisions of N.C. Gen. Stat. § 25-4-406(f) shall not apply to those claims.[2]

IT IS FURTHER ORDERED that Defendant SCB's Motion for Summary Judgment (Doc. 72) is granted in part and denied in part. Judgment shall be entered as a matter of law against Plaintiffs on their claims against SCB based on RICO, fraud, and breach of fiduciary duty, as

---

to raise any further arguments as to Bobby G. Slate's claims before the trial court at the appropriate time.

[2] SCB argues that claims by Plaintiffs La Casa and Bobby G. Slate for conversion (based on a civil conspiracy theory) and fraudulent concealment should also be subject to the limitations of N.C. Gen. Stat. § 25-4-406, citing multiple cases. (Doc. 152 at 1-5.) The authority SCB cites does not involve the scenario alleged here, where an employee of the financial institution is alleged to have been a part of the scheme to defraud the customer. Therefore, insofar as Plaintiffs allege that Quincy Washington was at all relevant times part of the scheme to defraud La Casa, the bank customer, and further was aware that the bank's statements were being sent to his co-conspirator at the customer under circumstances such that any notice contemplated by the statute would be ineffective, the court concludes that the bank should not be able to avail itself of the statutory provision for purposes of summary judgment. Cf. APCOA, Inc. v. Fidelity Nat'l Bank, 703 F. Supp. 1553, 1562 (N.D. Ga. 1988) (holding that bank could not avail itself of the statute's protection where it did not give notice to the bank customer). To this extent, therefore, SCB's objection is overruled.

well as on all claims against SCB by Plaintiffs other than La Casa. Judgment shall be entered as a matter of law against Plaintiffs as to any request for damages occurring from unauthorized payments made more than one year before La Casa brought unauthorized account activity to the attention of SCB pursuant to N.C. Gen. Stat. § 25-4-406 and in no event before May 2007 (except that any damages arising from any *respondeat superior* liability in connection with Plaintiffs' claims against Quincy Washington for fraudulent concealment and/or conspiracy to commit conversion shall not be limited by N.C. Gen. Stat. § 25-4-406), for punitive damages against SCB, for damages occurring before SCB began doing business with La Casa, and for lost profit damages as to all Defendants. Thus, La Casa may maintain claims against SCB for fraudulent concealment and conspiracy to commit conversion on a *respondeat superior* theory, negligence on a *respondeat superior* theory and as to the handling the La Casa account.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment (Doc. 81) is granted in part and denied in part. Plaintiffs' motion for summary judgment on their fraudulent transfer (or previously addressed RICO) claims against Rhonda Byrd, Charles Washington, and the corporate Defendants is denied. Judgment shall be entered as a matter of law as to liability against Charles Washington on Plaintiffs' claims for conversion, fraud, and

fraudulent concealment, in addition to liability as a co-conspirator on all of those same claims (excepting the claims relating to the jewelry and payroll conversion) against Rhonda Byrd. Plaintiffs' Motion for Summary Judgment against Rhonda Byrd on Plaintiffs' claims of conversion, fraud, fraudulent concealment, and breach of fiduciary duty is denied, and those claims shall proceed to trial for resolution, subject to proof of statute of limitations issues. Judgment shall be entered as a matter of law in favor of Plaintiffs on Rhonda Byrd and Charles Washington's counterclaim for intentional infliction of emotional distress.

Because no party has contended that a separate judgment should issue as to any claim or party at this time, the court refrains from entering a separate partial judgment.

       /s/   Thomas D. Schroeder
United States District Judge

June 10, 2013

7

Case 1:09-cv-00852-CCE-LPA   Document 167   Filed 06/10/13   Page 7 of 7